# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal Action No.  8:12-cr-00272-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Tina Lewis Clinton, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant Tina Lewis Clinton's ("Defendant") *pro se* Motion for the Court to Establish the Amount and Timing of Fine Payment Pursuant to 18 U.S.C. §§ 3664 (2002) and 3572 (1996) (ECF No. 34).  For the reasons set forth herein, the court **DISMISSES** without prejudice Defendant's Motion.

Defendant is serving a sentence of 30 months incarceration for embezzlement and fraud related offenses at the Federal Prison Camp Alderson, West Virginia, which is located in the Southern District of West Virginia. (ECF No. 38-1).  Defendant was also sentenced to a $600.00 special assessment and $543,940.95 restitution due immediately.  (ECF No. 31).  In her motion, Defendant seeks a modification to her restitution schedule.  Defendant alleges that the Bureau of Prisons ("BOP") has calculated a required monthly payment of $256.00 per month for restitution. *Id.* at 1.  Defendant contests the ability of the BOP to establish this payment amount contending that the undersigned unlawfully delegated the authority to establish the amount and timing of her payments to the BOP's Inmate Financial Responsibility Program ("IFRP"). *Id.* at 2.

Since Defendant's motion attacks the execution of the court's restitution order, it is construed as a habeas corpus petition under 28 U.S.C. § 2241 (2008). *U.S. v. Hudson,* 221 F. App'x 255, 256 (4th Cir. 2007). Section 2241 habeas petitions are properly brought in the district of confinement. *In re Jones,* 226 F.3d 328, 332 (4th Cir. 2000). As Defendant is confined in the Southern District of West Virginia, this court does not have jurisdiction over this matter.

However, the Fourth Circuit has instructed that in determining whether to transfer a § 2241 petition challenging a restitution order, the district court should consider whether a transfer "would serve the interests of justice…or whether the action would be more appropriately dismissed without prejudice to [the defendant's] right to file his action in the appropriate district court." *Hudson,* 221 F. App'x at 256 (citing 28 U.S.C. § 1631 (2000)). The court finds that a transfer is not warranted in this case because Defendant's petition has no merit.

Firstly, Defendant has not exhausted her administrative remedies as is required (in the absence of a showing of cause and prejudice) before filing under § 2241. *McClung v. Shearin,* 90 F. App'x 444, 445 (4th Cir. 2004). As the BOP's record system makes evident, Defendant has failed to avail herself of the administrative process in challenging her restitution payments. (ECF No. 38 at 7).

Secondly, even assuming the exhaustion of administrative remedies, Defendant misstates the undersigned's sentencing order. Defendant contends that this court ordered her to participate in IFRP in conjunction with the sentence of restitution. (ECF No. 34 at 1). If Defendant's assertion were true, the court would be in violation of clear Fourth Circuit precedent which precludes a district court from delegating its final authority to set the amount and schedule for restitution payments. *See U.S. v. Johnson,* 48 F.3d 806, 809 (4th Cir. 1995) (holding the

"making [of] decisions about the amount of restitution, the amount of installments, and their timing is a judicial function and therefore is non-delegable."); *U.S. v. Miller,* 77 F.3d 71, 78 (4th Cir. 1996) ("[A] district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer.").

However, the court ordered Defendant to pay her restitution immediately, (ECF No. 31), and thus, did not delegate its authority to determine the terms of Defendant's restitution. *See U.S. v. Caudle,* 261 F. App'x 501, 503-04 (4th Cir. 2008) (explaining that the district court has met its "statutory duty…to fix the terms of a fine" where it "set the amount and timing of the criminal monetary penalties by ordering payment due immediately."). The Fourth Circuit has embraced the Eighth Circuit's determination that where a sentencing court orders the immediate payment of a fine, the BOP has discretion to place a prisoner in IFRP. *Id.* at 504 (citing *Matheny v. Morrison,* 307 F.3d 709, 712 (8th Cir. 2002)).

It appears that Defendant's participation in IFRP is a consequence of her plea agreement which states, "The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty." (ECF No. 10 at 3). Regardless, such participation was not by court order. Thus, the court finds that it is not within the interests of justice to transfer this matter to the Southern District of West Virginia because Defendant's claim lacks merit.

It is therefore, **ORDERED** that Defendant's Motion for the Court to Establish the Amount and Timing of Fine Payment Pursuant to 18 U.S.C. §§ 3664 (2002) and 3572 (1996) (ECF No. 34) is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
November 4, 2013